David L. Nicholson, Jefferson Circuit Clerk
600 West Jefferson Street
Louisville, KY 40202-4731

LOUISVILLE/JEFFERSON COUNTY METRO GOVT.
GREG FISCHER, MAYOR
527 WEST JEFFERSON STREET, 4TH FLOOR
LOUISVILLE, KY 40202



RECEIVED
APR 2 0 2020
By



## KCOJ eFiling Cover Sheet

Case Number: 20-CI-002515

Envelope Number: 2384590

Package Retrieval Number: 238459016821973@00000945539

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 12.95

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Package: 000001 of 000025

Presiding Judge: HON. ANNIE O'CONNELL (630354)

Package: **000001 of 000025**

| AOC-E-105        Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice     *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **20-CI-002515**<br>Court:   **CIRCUIT**<br>County: **JEFFERSON Circuit** |

*Plantiff,* **MILLER, DOUGLAS E. VS. BATSON, MARK , ET AL**, *Defendant*

TO: **LOUISVILLE/JEFFERSON COUNTY METRO GOVT.**
**GREG FISCHER, MAYOR**
**527 WEST JEFFERSON STREET, 4TH FLOOR**
**LOUISVILLE, KY 40202**



The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Davis L. Nicholson
Jefferson Circuit Clerk
Date: **4/15/2020**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____          _____
                                                          Served By
                                          _____
                                                          Title



Page 1 of 1

*e*Filed

Filed          20-CI-002515   04/15/2020          David L. Nicholson, Jefferson Circuit Clerk

NO. _____                          **JEFFERSON CIRCUIT COURT**

                                             **DIVISION _____**

**DOUGLAS E. MILLER**                                        **PLAINTIFF**

VS.                          **VERIFIED COMPLAINT**

**MARK BATSON**

     **SERVE:**    MARK BATSON
              LOUISVILLE METRO POLICE DEPARTMENT
              633 W Jefferson Street
              Louisville, KY  40202
AND

**VIU 12**

     **SERVE:**    VIU 12
              LOUISVILLE METRO IMPOUND LOT
              1487 Frankfort Ave.
              Louisville, KY  40206
AND

**LMPD OFFICER 7072**

     **SERVE:**    LMPD OFFICER 7072
              LOUISVILLE METRO POLICE DEPARTMENT
              633 W. Jefferson Street
              Louisville, KY  40202
AND

**LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT**

     **SERVE:**    GREG FISCHER, MAYOR
              527 W. Jefferson Street
              4th Floor
              LOUISVILLE, KENTUCKY 40202

                                             **DEFENDANTS**

* * * * * *

Filed          20-CI-002515   04/15/2020          David L. Nicholson, Jefferson Circuit Clerk

Package: 000003 of 000025

Presiding Judge: HON. ANNIE O'CONNELL (630354)

Package: 000003 of 000025

Filed          20-CI-002515   04/15/2020          David L. Nicholson, Jefferson Circuit Clerk

Comes now the Plaintiff, Doug Miller, by counsel, and for his cause of action against the Defendants, Mark Batson, VIU 12, LMPD Officer 7072, and Louisville/Jefferson County Metro Government, states as follows:

## THE PARTIES

1.       That the Plaintiff, Doug Miller, is and was, at all times relevant hereto a citizen and resident of the Commonwealth of Kentucky, and a practicing attorney with an impeccable reputation in the legal community for the last 37 years. The Plaintiff is a distinguished attorney and citizen who has never been arrested in his 64 years of life.

2.       That the Defendant, Mark Batson, is a practicing officer of the Louisville Metro Police Department and at all times relevant to this complaint was acting within the course and scope of his employment for Louisville Metro and under the color of state law.

3.       That the Defendant. VIU 12, is an employee of Louisville Metro, whose true identity has been concealed by the other defendants herein as well as the Jefferson County Prosecutor's Office and Sharon King, with LMPD Open Records.

4.       That Defendant, LMPD Officer with the badge number of 7072, was and, upon information and belief currently, is a resident of the Commonwealth of Kentucky employed by Louisville Metro and its police department as a Police Officer.

5.       That Defendant Louisville/Jefferson County Metro Government (hereinafter "**Metro**") is a consolidated government that was created by merging the former City of Louisville and Jefferson County, Kentucky. It is organized under Chapter 67C of the Kentucky Revised Statutes. Metro is the surviving entity after the merger of Louisville and Jefferson County. Metro as the surviving entity of said merger which occurred on January 1, 2003 is the entity that

Package 0C0004 of 000025

Presiding Judge: HON. ANNIE O'CONNELL (630584)

Package 000004 of 000025

is responsible for the Louisville Metro Police Department, LMPD's agents, and is responsible with complying with the Kentucky Open Records Act.

## THE FACTS

6.       On or about April 16, 2019, Defendants Batson, VIU 12, LMPD Officer 7072, while acting within the scope of their employment as employees of Louisville Metro  and under color of law and under color of their authority as Police Officers and/or as a Vehicle Impoundment Lot employee for Louisville, without probable cause or justification, assaulted, battered and then unlawfully arrested the Plaintiff and without probable cause and justification charged the Plaintiff with various crimes that he did not commit in order to conceal the Plaintiffs unlawful acts.[1] In the course of said arrest and subsequent police procedures, Plaintiff was subjected to the use of handcuffs, related physical force, and his imprisonment, all to the Plaintiff's damage.

7.       Without any justification whatsoever, Officer Batson chose to punch Plaintiff, throw him to the ground and continuously assault and batter him.  As an obvious part of his training at LMPD, LMPD officers are known and have been caught repeatedly beating citizens while saying what sound like reasonable commands that are truly a farce.  An example of this is that LMPD officers will bunch, hit a private citizen while all 200 plus pounds of their body weight is laying on a citizen.  Saying "give me your hands" when there is an impossibility of performance because of the positioning of the officer on the victim is somehow allowing the officer to continue to beat and jump on the citizen for no reason.  Another common theme that

---

[1] This case is NOT about the malicious prosecution of the Plaintiff without justification or probable cause.  Since the criminal charges are still pending against Plaintiff, that claim is not yet ripe.  Once the Plaintiff is acquitted or those unlawful claims are dismissed against the Plaintiff, Plaintiff reserves the right to either amend this Complaint or file an entirely separate lawsuit for that flagrant violation of his rights.

Package 000005 of 000025

Presiding Judge: HON. ANNIE O'CONNELL (630384)

Package 000005 of 000025

has been seen has been officers saying "stop fighting" or "stop resisting" while the officer continues to punch and beat a victim who is doing neither. According to the videos that have been turned over in this case, Officer Batson appears to be using both of these tactics. The Plaintiff Miller was being beaten by Officer Batson, did not resist in any way and only was asking for his Lord and Savior Jesus Christ to protect him from the savagery that he was facing at the hands of Officer Batson.

12.     To exacerbate the situation, and try to justify his uncalled for brutality, Officer Batson indicated to dispatch that he was an officer in trouble and needed assistance. He claimed this falsity even though, he had 64 year old Miller on the ground, was completely and unlawfully manhandling him, and Miller was not resisting in any way.

13.     Batson's false and slanderous statements, led to over 10 other units showing up on the scene to jump in on the action and assault and batter the helpless Miller. Taking Batson up on the call to jump in, VIU 12, who miraculously was on the scene immediately, also jumped on Miller's back without any legal justification whatsoever. VIU 12 assaulted and battered Miller causing him injury. Under no circumstances should a tow truck driver put his hands on a helpless citizen that was face down on the roadside with a police officer on his back in complete control of the citizen.

14.     Officer 7072 also decided to jump on and kneel on the head and back of Miller, who was compliant and on the ground with Batson's full body weight resting upon him. Officer 7072 assaulted and battered Miller without any legal cause and justification. It would have been obvious to any reasonable officer or any reasonable human being without any law enforcement training, that Miller was not a threat to anyone on that scene as he lie helpless on the ground while being manhandled by both Batson and VIU 12 before Officer 7072 jumped in.

Package 000006 of 000025

Presiding Judge: HON. ANNIE O'CONNELL (630384)

Package 000006 of 000025

15.     At all times material hereto, Louisville Metro was negligent in failing to adequately train and supervise Batson, VIU 12, and Officer 7072l, in their law enforcement duties and such deficiency in training and supervision were substantial factors resulting in the damages to said Plaintiff as set forth above. In fact, despite a plethora of written SOP's on use of force and excessive force, it is obvious from all of the videos that have surfaced in the media of police beatings that LMPD's "Custom and Practice" of beating helpless citizens while saying "stop resisting", "stop fighting" and "give me your hands" is a ruse and an alleged "reason" to continue to hit and beat citizens with a veiled appearance of appropriate amount of force.

## COUNT I
## CLAIMS AGAINST INDIVIDUAL DEFENDANTS
## BATSON, VIU 12 & LMPD OFFICER 7072

16.     The Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Complaint.

17.     The aforementioned conduct of the Defendants toward the Plaintiff constitutes the torts of excessive execution and/or excessive force, assault, battery, and false imprisonment within the meaning of the common law of the Commonwealth of Kentucky.

18. The aforementioned conduct of all Defendants constitutes "official misconduct" as contemplated by KRS 533.030 & 522.030.

19. The aforementioned conduct of all Defendants constitutes assault as contemplated by KRS 508.030.

20. The aforementioned conduct of all Defendants constitutes tampering with physical evidence as contemplated by KRS 524.100.

21. Violations of the above criminal statutes are brought pursuant to KRS 446.070.

Filed                  20-CI-002515   04/15/2020          David L. Nicholson, Jefferson Circuit Clerk

## COUNT II
### SUPERVISORY LIABILITY, FAILURE TO TRAIN, AND FINAL POLICYMAKER LIABILITY (AGAINST DEFENDANT LOUISVILLE METRO)

12.  The Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Complaint.

13.  In addition to his own deliberate indifference to Louisville Metro was negligent and/or deliberately indifferent to the other Defendants' need for appropriate training regarding the reasonable use of force and the other constitutional rights enumerated herein.  Either Louisville Metro failed to adequately train the individual defendants or their training consisted of a clandestine Custom and Practice on how to beat an innocent citizen while giving impractical, impossible or untruthful commands.

14.  As a result of Defendant Metro's  failure to adequately train the individual defendants, the tow truck driver and officers violated Miller's constitutional rights, directly and proximately causing him the serious injuries described herein.

15.  Furthermore, Louisville Metro was the final policymaker and had oversight responsibility for ensuring that third-party its tow truck drivers and LMPD officers were appropriately trained on use of force, and that they created and followed adequate and lawful policies, including customs and practices regarding the proper and lawful use of force against the citizens of Jefferson County, Kentucky.

16.  Louisville Metro was on actual or constructive notice that the officers of the LMPD had this custom and practice to beat citizens unlawfully Metro's  failure to stop, correct and appropriately train its employees on the lawful use of force proximately caused the violation of the constitutional rights of those citizens including Miller.

Package 000005 of 000025

Presiding Judge HON. ANNIE O'CONNELL (630384)

Package  000006 of 000025

Filed                  20-CI-002515   04/15/2020          David L. Nicholson, Jefferson Circuit Clerk

### COUNT III
### MUNICIPAL/ORGANIZATIONAL LIABILITY THEORIES
### AGAINST LOUISVILLE METRO

17.  The Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Complaint.

18.  Defendant Louisville Metro, both as an organization and acting through its final policymakers, were directly responsible for Miller's injuries due to the failure (a) to adequately train and supervise the Metro officers, employees, and contractors (b) to inculcate lawful policies, customs and practices to prevent – or to investigate, discover and change or abolish the policies, customs and practices responsible for – the mistreatment Miller endured.

19.  Upon information and belief, Mr. Miller's treatment by Defendants was not unusual, but was part of a continuing policy, pattern, custom and/or practice of Defendants of willfully and deliberately ignoring the rights of citizens. Such conduct is the result of customs and practices of  Louisville Metro, LMPD  and the individual Defendants named herein, either written or unwritten, which are systematically applied to all persons who come into contact with officers. Such practices constitute an arbitrary use of government power, and evince a total, intentional, deliberate and unreasonable disregard for and indifference to the health, lives and constitutional and common law rights of the citizens of Jefferson County, including Mr. Miller, and the wholesale violations of those rights likely to result from the regular and systematic pursuit of such practices.

Filed          20-CI-002515   04/15/2020          David L. Nicholson, Jefferson Circuit Clerk

### COUNT IV
### KENTUCKY OPEN RECORDS ACT VIOLATION
### LOUISVILLE METRO

20.     The Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Complaint.

21.     Louisville Metro is a "public agency" as defined in the Kentucky Open Records Act, KRS 61.870 *et seq.   Frankfort Publishing Co., Inc. v. Kentucky State University Foundation, Inc.*, Ky., 834 S.W.2d 681 (1992).

22.     On March 25, 2020, the undersigned on behalf of Plaintiff Miller, sent an Open Records request to LMPD, open records division at 633 West Jefferson Street, Louisville, KY 40202.  Said request was simple, concise and stated as follows:

Pursuant to KRS 61.870, et. seq. this is an Open Records Request for the following:

1).  Any use of force forms filled out occurring from the arrest of Doug Miller on or about April 16, 2019 at approximately 8:01 p.m. The name of the arresting officer was Mark Batson.

2).  Any documents that identify VIU 12.

3). Any documents that identify the names of the St. Matthews police officers that showed up on the scene and/or assisted Mark Batson in the arrest of Doug Miller.

23.  Louisville Metro failed to provide this information which in the order course of looking for it would take mere minutes.

24.  On or about March 25, 2020, a call was placed to the impound lot to request the identify of VIU 12.  The employee answering the phone at the impound lot said VIU 12 was not

Package 0of010 of 000025

Presiding Judge: HON. ANNIE O'CONNELL (630354)

Package: 000010 of 000025

Filed                    20-CI-002515    04/15/2020           David L. Nicholson, Jefferson Circuit Clerk

at work that day.  When it was just requested what the identity of this individual was, the employee first asked who was asking then hung up the phone.

25.   In the criminal prosecution of Doug Miller, even though the County Attorney's Office has a duty to identify all witnesses and all persons involved in the situation leading to the charge and arrest of Doug Miller.  Said discovery omitted the identity of VIU 12, Officer 7072 and the names of the St. Matthews Police Department officers that showed up to the scene.

26.   The Plaintiff made reasonable efforts to find out the actual names of VIU 12, Officer 7072 and the St. Matthews Officers but the Defendants, and agents of Louisville Metro concealed this information in violation of the law.

27.   Upon information and belief, Louisville Metro is engaging in wide spread Open Records Violations in an attempt to keep public information from aggrieved parties and say they cannot get them the information until after the Statute of Limitations has passed.

28.   Plaintiff Miller is entitled to a judgment that Louisville Metro is a public agency as defined in the Open Records Act and has violated KRS 61.872 by failing to timely produce the records as requested and making up a bogus excuse for their failure of timely production.

29.   The Plaintiff is entitled to an Order that in the future, Louisville Metro will comply with the Open Records Act.

30.   Since the Defendants willfully withheld the records requested on behalf of the Plaintiff in violation of the Kentucky Open Records Act, the Plaintiff is entitled to be awarded his costs, including a reasonable attorney's fee, and statutory damages pursuant to KRS 61.882(5).

Package: 000011 of 000025        Presiding Judge: HON. ANNIE O'CONNELL (630084)        Package: 000011 of 000025

Filed                    20-CI-002515    04/15/2020           David L. Nicholson, Jefferson Circuit Clerk

Filed          20-CI-002515   04/15/2020          David L. Nicholson  Jefferson Circuit Clerk

## COUNT V
## PUNITIVE DAMAGES

31. The Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Complaint.

32. The aforementioned conduct of the Defendants was done with a reckless disregard for the rights of the Plaintiff and/or was grossly negligent, malicious, oppressive and/or fraudulent.

33. Accordingly, Plaintiff is entitled to punitive damages from all of these Defendants.

34. As a result of the foregoing, Plaintiff has sustained damages that are in excess of the minimal dollar amount necessary to establish jurisdiction of this Court and Plaintiff is entitled to recover a reasonable amount therefor. Plaintiff has suffered serious injuries to his face, left leg, back, shoulder, right arm, wrist and hands. The injuries to his left leg and back impaired his ability to walk and function normally, due to the rupture of a large artery in said leg. The Plaintiff lost the feeling in his hands and wrists for over 6 months. The Plaintiff also suffered emotional and psychological injuries displaying signs of PTSD, recurring nightmares and other signs of emotional distress leading him to require the services of a mental health counselor.

**WHEREFORE**, the Plaintiff, Douglas E. Miller, demands as follows:

1.      Judgment on his Complaint against the Defendants, Mark Batson, VIU 12, LMPD Officer 7072, and Defendant Louisville Metro, both jointly and severally, for his damages as shown by the evidence, and for punitive damages;

2.      A trial by jury on all issues so triable;

3.      Compensatory damages for his embarrassment, humiliation, mental anguish, physical pain and discomfort, and lost wages;

Package:000012 of 000025

Presiding Judge: HON. ANNIE O'CONNELL (630384)

Package: 000012 of 000025

Filed          20-CI-002515   04/15/2020          David L. Nicholson, Jefferson Circuit Clerk

4.     For his costs expended herein, including a reasonable attorney's fee;  and

5.     For any and all other relief to which he may appear to be entitled.

                             Respectfully submitted,


                             /s/ *Garry R. Adams*
                             GARRY R. ADAMS
                             ADAMS LANDENWICH WALTON, PLLC
                             517 W. Ormsby Ave
                             Louisville, KY  40203
                             (502) 561-0085
                             garry@justiceky.com

                             Gregory A. Belzley
                             Belzley Bathurst Attorneys
                             P.O. Box 278
                             Prospect, KY 40059
                             502/494-6186
                             gbelzley@aol.com
                             ***Counsel for Plaintiff***

Package 000013 of 000025

Presiding Judge: HON. ANNIE O'CONNELL (630364)

Package 000013 of 000025

Filed          20-CI-002515   04/15/2020          David L. Nicholson, Jefferson Circuit Clerk

NO.                                                    **JEFFERSON CIRCUIT COURT**

                                                       **DIVISION** _____

**DOUGLAS E. MILLER**                                              PLAINTIFF

vs.              **PLAINTIFF'S INTERROGATORIES AND REQUEST**
                          **FOR PRODUCTION OF DOCUMENTS**
          **PROPOUNDED TO DEFENDANT LOUISVILLE/JEFFERSON COUNTY**
                             **METRO GOVERNMENT**

**MARK BATSON, et al.**                                            DEFENDANTS

                               * * * * * *

          Comes the Plaintiff, by counsel, pursuant to Kentucky Rules of Civil Procedure 33 and

34, and propound upon Defendant, Louisville/Jefferson County Metro Government,

Interrogatories and Requests for Production of Documents, to be answered in writing and under

oath pursuant to the Kentucky Rules of Civil Procedure within forty-five (45) days of receipt.

Documents are to be produced for inspection and copying at the offices of Garry R. Adams,

Adams Landenwich Walton, PLLC, 517 West Ormsby Avenue, Louisville, KY 40203.

                              **INSTRUCTIONS**

          1. In answering these Interrogatories and Requests for Production of Documents, furnish
             all information, however obtained, including hearsay that is available to you and
             information known by or in possession of yourself, your agents, and your attorneys, or
             appearing in your records.

          2. If you cannot answer the following Interrogatories and/or Requests for Production of
             Documents in full, after exercising due diligence to secure the full information to do
             so, so state in your answer, specifying your inability to answer the remainder, stating
             whatever information or knowledge you have concerning the unanswered portion and
             detailing what you did to secure the unknown information.

          3. An Interrogatory that seeks information contained in or information about or
             identification of any writing or documents shall also be answered, in addition to the

information requested in the Interrogatory, by furnishing a copy of such document without a Request for Production.

4. The requirements of Kentucky Rule of Civil Procedure 26(e) as to supplementation of the responses to these Interrogatories and Requests for Production of Documents, are incorporated herein by reference. The duty to seasonably supplement or amend the responses to these Interrogatories and Requests for Production of Documents imposed by the Rules, are in addition to the general provision of any pre-trial order entered by the Court in this action.

5. As used in Rule 34, the terms "possession, custody, and control" include all documents in the possession of Defendant, Louisville/Jefferson County Metro Government, any entity which it has any interest, officers, agents, employees, successors, assigns, and any person or entity which acts for or has acted for, or on its behalf. If relevant documents no longer exist or have been destroyed, identify such documents and explain the circumstances of such loss or destruction.

6. An Interrogatory asking you to "explain in detail" or "describe in detail" seeks disclosure of every fact, circumstance, condition or any other thing known to you about the subject of the Interrogatory containing the phrase, as of the date you answer to the Interrogatories.

7. Where any Interrogatory and/or Request for Production of Documents are objected to, the nature of the objection shall be stated fully and clearly, with the grounds or basis for such objection. Where any privilege is asserted as grounds for declining to answer a request, or any part thereof, or for refusing to produce any document, the exact nature of the privilege asserted shall be clearly and fully stated, together with the statement of grounds and authorities relied upon.

## DEFINITIONS

1. <u>Document</u> - The term "document" as used herein, means and includes the originals (or copies where originals are not available) of any written, printed, typed, recorded or graphic matter, however produced or reproduced, including without limitation, correspondence, memoranda, teletype messages, notes, diaries, statements, telegraphic messages, drafts, work papers, paper and magnetic tapes (including audio or video), charts, computer disks, computer files, computer, hard drives, tapes, cards, or print-outs, minutes, publications, calendars, telephone pads, bulletins, directives, sketches, maps, summaries or reports of investigation, photographs, motion picture film, and any other recordings or documents of whatever kind, character, or description. The term "document" also shall include any copy which differs in any respect from the original or other version of any given documents, such as copies containing notations, insertions, corrections, marginal comments, or any other variations.

Filed          20-CI-002515    04/15/2020          David L. Nicholson, Jefferson Circuit Clerk

2.  <u>Person</u> - The terms "person" and "persons", as used herein, and where not otherwise specifically designated, shall mean natural persons, private organizations of whatever kind or character, governmental entities, including departments, units, or subunits, as well as formal or informal combinations of such persons, such as associations of physicians.  The singular and plural forms are used interchangeably.

3.  <u>You/Your</u> - The terms "you" and your", as used herein, shall mean the Defendant, City of Louisville.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please state the name, address, official position and/or job title of any and all persons who participated in preparation of the answers to these Interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:**

Please state whether or not any investigative and/or disciplinary action was taken by the Louisville Metro Police Department regarding the actions of Officer Mark Batson or LMPD Officer 7072, which related in any way to the incident which took place regarding Douglas E. Miller on or about April 16, 2019, and is the subject matter of the Complaint.

**ANSWER:**

**INTERROGATORY NO. 3:**

If the answer to the above interrogatory is in the affirmative, please state the disposition and/or action taken by the Louisville Metro Police Department as a result of said investigation and/or disciplinary proceeding.

**ANSWER:**

Package 000016 of 000025

Presiding Judge: HON. ANNIE O'CONNELL (630384)

Package  000016 of 000025

Filed          20-CI-002515    04/15/2020          David L. Nicholson, Jefferson Circuit Clerk

**INTERROGATORY NO. 4:**

Was there a Use of Force form filled out regarding the incident which took place on April 16, 2019, regarding Douglas Miller?

**ANSWER:**

**INTERROGATORY NO. 5:**

Please list any and all persons, including police officers, who participated in any way involving the incident or the subsequent investigation regarding the arrest of Douglas Miller on or about April 16, 2019.  For each person listed, please provide a summary of what each individual did with respect to said incident/investigation, and whether any of these have given statements whether oral or recorded.

**ANSWER:**

**INTERROGATORY NO. 6:**

Please list any and all persons known to Defendants and/or any employee of the Louisville Metro Government, who are witnesses to any event which is related in any way to the arrest of Douglas Miller on or about April 16, 2019.

**ANSWER:**

**INTERROGATORY NO. 7:**

Please state whether or not any of the Defendants have ever suffered any disciplinary action by the Louisville Metro Police Department or any other police department regarding action or inaction each has taken or not taken in his official capacity as a police officer.

**ANSWER:**

Package 000017 of 000025

Presiding Judge: HON. ANNIE O'CONNELL (630384)

Package 000017 of 000025

Filed          20-CI-002515   04/15/2020          David L. Nicholson, Jefferson Circuit Clerk

**INTERROGATORY NO. 8:**

Please identify the name of the Defendant VIU 12 who was involved with the arrest of Douglas Miller on or about April 16, 2019.

**ANSWER:**

**INTERROGATORY NO. 9:**

Please identify the name of the Defendant LMPD Officer 7072 who was involved with the arrest of Douglas Miller on or about April 16, 2019.

**ANSWER:**

**INTERRROGATORY NO 10:**

State whether the Defendant is, or was insured under a policy or policies of liability insurance which the Defendant claims or believes may provide liability coverage for the claims asserted herein by the Plaintiff, whether such coverage is primary, excess, or umbrella, or other type of coverage. If so, state for each policy the policy number, insurance carrier, type and limits of liability coverage, and whether the carrier has denied coverage and/or reserved rights.

**ANSWER:**

**INTERROGATORY NO. 11:**

Other than the subject claim, has the Defendant, ever had a claim, complaint, or case filed against it or any of its agents regarding the use of excessive force. For the purposes of this

Package 000018 of 000025                    Presiding Judge: HON. ANNIE O'CONNELL (630384)                    Package 000018 of 000025

Filed          20-CI-002515    04/15/2020          David L. Nicholson, Jefferson Circuit Clerk

interrogatory, the time period shall be from 2010 to present.  If so, please describe in detail and state as follows:

    (a)  The name and address of the Plaintiff or Claimant in any such case,

    (b)  A brief description of the complained of conduct,

    (c)  The date such complained of conduct occurred,

    (d)  The persons or agency or court to which the complaint was made, and

    (e)  The resolution of any so described claim, complaint, or case.

**ANSWER**:


**INTERROGATORY NO. 12:**

Please state the name, last known address, and telephone number of any person who to the Defendant's knowledge is aware of any fact or information pertaining to the April 16, 2019, incident pertaining to both Plaintiffs and the subsequent criminal charges brought against the Plaintiffs.  Please state the following:

    (a)  Has Defendant, or anyone acting in his behalf, obtained a statement or recorded interview from any of these persons;

    (b)  Who took such statement or recorded interviews;

    (c)  Who gave said statement or recorded interview; and

    (d)  Who has a copy of said statement or recorded interview.

**ANSWER:**

Package  000019 of 000025

Presiding Judge: HON. ANNIE O'CONNELL (630834)

Package  000019 of 000025

Filed          20-CI-002515   04/15/2020          David L. Nicholson, Jefferson Circuit Clerk

**INTERROGATORY NO. 13:**

Please state the name, address, and telephone number of any person who may be called as a witness at the trial of this matter, and describe in detail the facts known by each person listed and the testimony expected of each person.

**ANSWER:**

**INTERROGATORY NO. 14:**

Please identify any and all exhibits, demonstrative evidence, or other documentary evidence that the Defendant intends to utilize at the trial of this matter.

**ANSWER:**

**INTERROGATORY NO. 15:**

State the name, address, telephone and qualifications of any person who may be called as an expert witness on behalf of Defendant. For each person so identified, state the subject matter to which the expert witness is expected to testify, a synopsis of the facts and opinions to which he/she is expected to testify, and a summary of the grounds for each such opinion held.

**ANSWER:**

**INTERROGATORY NO. 16:**

Please describe in detail the facts and circumstances of the events that are alleged in Plaintiff's Complaint, occurring on or about April 16, 2019.

**ANSWER:**

Package: 000020 of 000025          Presiding Judge: HON. ANNIE O'CONNELL (630584)          Package: 000020 of 000025

Filed          20-CI-002515   04/15/2020          David L. Nicholson, Jefferson Circuit Clerk

## REQUEST FOR PRODUCTION OF DOCUMENTS

**RPOD NO. 1:**

Please provide any and all radio logs maintained by the Louisville Metro Police Department which radio logs contain any and all transmissions regarding the incident of Douglas Miller's arrest which is the subject matter of this claim.

**RESPONSE:**

**RPOD NO. 2:**

Please provide any and all tapes of any and all radio transmissions which relate in any way to the observation, apprehension and/or arrest of Douglas Miller on or about April 16, 2019.

**RESPONSE:**

**RPOD NO. 3:**

Please provide any and all manuals, regulations, criteria, notices and/or addenda thereto which relate in any way to the use of force in the observation, apprehension and/or arrest of a suspect or perpetrator by the Louisville Metro Police Department which were in effect on or about April 16, 2019.

**RESPONSE:**

**RPOD NO. 4:**

Please provide any and all Use of Force forms which are the subject matter of Interrogatory No. 4.

**RESPONSE:**

Filed                    20-CI-002515   04/15/2020                    David L. Nicholson, Jefferson Circuit Clerk

**RPOD NO. 5:**

Please provide any and all documents which in any way relate to the incident involving Douglas Miller or the subsequent investigation.

**RESPONSE:**

**RPOD NO. 6:**

Please provide any and all training education courses/seminars on excessive force participated in by each of the Defendants during the course of their employment with the Louisville Metro Police Department.

**RESPONSE:**

**RPOD NO. 7:**

Please produce the entire personnel file for Officer Mark Batson including, but not limited to all Use of Force Forms.

**RESPONSE:**

**RPOD NO. 8:**

Please produce the entire personnel file for LMPD Officer 7072.

**RESPONSE:**

**RPOD NO. 9:**

Please produce the entire personnel file VIU 12.

**RESPONSE:**

Package: 000022 of 000025     Presiding Judge: HON. ANNIE O'CONNELL (630384)     Package: 000022 of 000025

Filed          20-CI-002515   04/15/2020          David L. Nicholson, Jefferson Circuit Clerk

**RPOD NO. 10:**

Please produce copies of all policies regarding open records requests and all internal communications regarding the March 25th Open Records Request discussed in the Complaint..

**RESPONSE:**


**RPOD NO. 11:**

Please produce any and all notes, letters, memorandums, computer generated or maintained records, incident reports or other documents that in anyway relate to any investigation pertaining to the events complained of in Plaintiff's complaint on or about April 16, 2019.

**RESPONSE:**


**RPOD NO. 12:**

Please produce a copy of any all statements previously made by the Plaintiff, including, but not limited to, any written statements signed or otherwise adopted or approved by the Plaintiff, any stenographic, audio tapes, electrical types of recordings or any other transcription of any statement made by the Plaintiff at any time or any notes or other records taken from any interrogation or interview of Plaintiff.

**RESPONSE:**


**RPOD NO. 13:**

Package 000023 of 000025          Presiding Judge: HON. ANNIE O'CONNELL (630364)          Package 000023 of 000025

Filed          20-CI-002515   04/15/2020          David L. Nicholson, Jefferson Circuit Clerk

Please produce copies of any and all documents related to Defendant's answers to all of the Interrogatories enumerated above.

**RESPONSE:**

**RPOD NO. 14:**

Please produce a curriculum vitae or resume of each individual whom the Defendant may call as an expert witness at the trial of this matter.

**RESPONSE:**

**RPOD NO. 15:**

Please produce a copy of any insurance policy or policies that may provide coverage to the Defendant with regard to this lawsuit.

**RESPONSE:**

**RPOD NO. 16:**

Please produce copies of any and all exhibits, documentary evidence, or demonstrative evidence which the Defendant intends to rely on and/or utilize at the trial of this matter.

**RESPONSE:**

**RPOD NO. 17:**

Please produce copies of any and all documents, charts, drawings, sketches, diagrams, etc. in the possession of the Defendants or their attorneys, or other agents, or employees of the Defendants, that in any way relate to the Plaintiff's claims or the defenses in this action.

Package 000024 of 000025

Presiding Judge: HON. ANNIE O'CONNELL (630384)

Package 000024 of 000025

Filed          20-CI-002515   04/15/2020          David L. Nicholson, Jefferson Circuit Clerk

**RESPONSE:**

**RPOD NO. 18:**

Please produce any and all investigative reports and other documents prepared or obtained by this Defendant concerning the incidents that were alleged in Plaintiff's Complaint.

**RESPONSE:**

Respectfully,

/s/ *Garry R. Adams*
GARRY R. ADAMS
ADAMS LANDENWICH WALTON, PLLC
517 West Ormsby Avenue
Louisville, KY  40203
(502) 561-0085

Package: 000025 of 000025

Presiding Judge: HON. ANNIE O'CONNELL (620364)

Package: 000025 of 000025